UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARBARA G.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:20-CV-5145-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes that the Administrative Law Judge ("ALJ") erred in evaluating Plaintiff's fecal incontinence at step two of the sequential evaluation, and in not assessing residual functional capacity ("RFC") restrictions consistent with the limitations imposed by this impairment.

Had the ALJ properly evaluated this condition, Plaintiff's RFC may have included additional limitations consistent with a finding of disability. Accordingly, the ALJ erred, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On January 20, 2017, Plaintiff filed an application for DIB, alleging a disability onset date of July 9, 2014. *See* Dkt. 16, Administrative Record ("AR") 18, 187-90. Her application was denied upon initial administrative review and on reconsideration. AR 18, 109-15, 117-23. A hearing was held before ALJ Gerald J. Hill on October 10, 2018. AR 35-72. On December 27, 2018, the ALJ issued a partially favorable decision finding Plaintiff was not disabled between her alleged onset date and June 30, 2018, but was disabled pursuant to the Medical-Vocational guidelines after attaining age 55 on June 30, 2018. AR 14-29. On December 13, 2019, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-6. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision on February 20, 2020. Dkt. 4.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) finding that Plaintiff's fecal incontinence was a non-severe impairment at step two of the sequential evaluation; and (2) improperly discounting opinions from examining sources Alexander Patterson, Psy.D. and Beth Liu, M.D. Dkt. 18, pp. 5-15. Plaintiff asks this Court to remand this case for an award of benefits. *Id.* at 15-16.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.     Whether the ALJ erred at step two of the sequential evaluation.**

Plaintiff contends that the ALJ erred at step two of the sequential evaluation by finding that her fecal incontinence was a non-severe impairment. Dkt. 18, pp. 7-9.

At step two of the sequential evaluation, the ALJ must determine if the claimant suffers from any medically determinable impairments that are "severe." 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is not considered to be "severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 416.920(c); Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b); SSR 85-28, 1985 WL 56856, at *3. An impairment is not severe if the evidence establishes only a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856, at *3; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

At step two, the ALJ found Plaintiff's fecal incontinence to be a non-severe impairment. AR 20-21. In so finding, the ALJ reasoned that: (1) Plaintiff was referred for biofeedback and physical therapy to increase her sphincter tone, suggesting that her incontinence is treatable; (2) no medical sources assessed limitations related to her incontinence; and (3) while Plaintiff alleged she stopped working due to incontinence she worked for a "significant length of time" while allegedly incontinent. *Id.*

With respect to the ALJ's first reason, the fact that a claimant receives treatment for a condition does not necessarily mean that the treatment will be successful, or that a claimant's

condition will not continue to impose "more than a minimal effect" on an individual's ability to work. Here, the record indicates that biofeedback, physical therapy, and a range of other treatments were ineffective in relieving Plaintiff's incontinence symptoms. AR 50, 665, 668, 817, 852, 855.

As for the ALJ's second reason, the fact that no medical sources assessed limitations related to Plaintiff's fecal incontinence does not necessarily support the ALJ's step two finding.

Plaintiff testified that she was unable to work primarily due to her fecal incontinence, which caused her to find stool in her underwear without realizing it was there, made her fearful of accidents while at work, and resulted in an unpleasant odor. AR 48, 54-55, 407, 475, 507, 521. At the hearing, the vocational expert testified that the primary vocational impediment stemming from Plaintiff's incontinence was the odor it produced, which would result in an employee's termination if it were noticeable more than once or twice a month. AR 64-65.

Here, the fact that medical sources did not assess limitations related to Plaintiff's incontinence and the odor stemming from it does not necessarily support the ALJ's step two finding. First, the Court notes that state agency consultant Howard Platter, M.D. did include a restriction related to Plaintiff's fetal incontinence, a requirement that Plaintiff have close access to a bathroom, that the ALJ did not include in Plaintiff's RFC, despite assigning significant weight to Dr. Platter's opinion. AR 22, 24, 99. Second, the other physicians who examined Plaintiff focused on her other physical impairments, in many cases not even diagnosing her incontinence. AR 373-81, 384-97, 398-403, 622-25.

Regarding the ALJ's third reason, while Plaintiff began experiencing fecal incontinence as early as 2012, the record indicates that her condition began to affect her ability to work

sometime in mid-2014, which is broadly consistent with her testimony and her alleged disability onset date. AR 300, 307, 507, 689, 852.

Accordingly, the ALJ's finding that Plaintiff's fecal incontinence was a non-severe impairment is not supported by substantial evidence.

Even if the ALJ's error in classifying Plaintiff's incontinence as non-severe was harmless, his failure to assess RFC limitations related to this impairment was not. *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (an ALJ must consider limitations and restrictions imposed by all an individual's impairments, even those that are not 'severe', and an RFC should be precisely the same regardless of whether certain impairments were found severe at step two of the sequential evaluation) (internal citations omitted).

Here, the ALJ did not include any limitations related to Plaintiff's incontinence in the RFC. AR 22. The record is clear that Plaintiff's fecal incontinence, which stems from a weak internal and external anal sphincter, pelvic floor dyssynergia, and possibly trauma stemming from six vaginal births, imposes work-related functional limitations beyond those contained in her RFC, and that if her condition produced a noticeable odor more than once a month, she would have been disabled during the period at issue. AR 64-65, 297, 299, 304-05, 667, 737.

Accordingly, the ALJ erred at step two of the sequential evaluation.

**II.   Whether the ALJ properly evaluated the medical opinion evidence.**

Plaintiff contends that the ALJ erred in evaluating medical opinions from examining psychologist Dr. Patterson and examining physician Dr. Liu. Dkt. 18, pp. 10-15. Because Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of the record may impact her assessment of this evidence, the ALJ shall instead reconsider this evidence as necessary on remand.

**III. Remedy.**

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The Court is mindful that simply providing another opportunity to assess improperly evaluated evidence, allowing the ALJ to have a "mulligan", does not qualify as a remand for a "useful purpose" under the first part of the credit as true analysis. *Garrison*, 759 F.3d at 1021-22, citing *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

Here, the Court has determined that the ALJ must re-evaluate Plaintiff's fecal incontinence and assess RFC limitations consistent with the limitations caused by this impairment. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 21st day of January, 2021.

David W. Christel
United States Magistrate Judge